IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**EDWARD HICKS,**

        Petitioner,

v.                                      **CIVIL ACTION NO. 5:21-CV-99**
                                              Judge Bailey

**PAUL ADAMS,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on August 3, 2021, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND**

The petitioner is a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on June 25, 2021, pursuant to 28 U.S.C. § 2241.

As summarized in the R&R, petitioner is serving his sentence pursuant to a plea agreement in which he plead guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B). At sentencing, the presentence report listed two criminal convictions in the

Allegheny County Court of Common Pleas, Pittsburgh, Pennsylvania. The first was for possession with intent to deliver heroin, possession of heroin, possession of cocaine, possession of drug paraphernalia, and criminal conspiracy. The second was for robbery and burglary. As a result, petitioner was classified as a career offender and sentenced to a total term of 188 months. In his instant petition, petitioner argues that the drug conviction was improperly used as a predicate offense for the career offender enhancement.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections to the R&R [Doc. 11] on August 25, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

In the R&R, the magistrate judge found that petitioner could not meet the requirements of the savings clause of § 2255. Because petitioner is challenging his sentence, he must meet all four prongs of **United States v. Wheeler**, 886 F.3d 415, 429 (4th Cir. 2018). The magistrate judge found that petitioner could not meet the fourth **Wheeler** prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. Because petitioner cannot satisfy the savings clause of § 2255 under **Wheeler**, the magistrate judge found that this Court is without jurisdiction to consider his claim under § 2241 and must dismiss this case.

In his objection, petitioner claims that the magistrate judge failed to acknowledge "that the savings clause of § 2255(e) - the only way for a federal prisoner to seek review of his sentence based on a change in statutory law - is extremely narrow and does not create an 'easier' path for relief compared to § 2255(h)." [Doc. 11 at 1]. Petitioner sets forth the difficult standard he must meet: "[N]onconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error

3

constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" [Doc. 11 at 2] (quoting *Stone v. Powell*, 428 U.S. 465, n.10 (1976) (citation omitted)). Petitioner then asserts that the wrong in his case "must be righted." [Doc. 11 at 2]. Although the standard set forth by § 2255(e) is an onerous one, it appears to be the applicable standard in this case, and petitioner's objections do not point to any error made by the magistrate judge in applying it. Accordingly, the objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation** [**Doc. 7**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections [**Doc. 11**] are **OVERRULED**. This Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** September 28, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE